**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
WESTERN   DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | * * * * | |
| VS. | * * | NO: 4:05CR00085   SWW |
| ALLEN OUBRE WEBB | * * * * | |

**ORDER**

Before the Court are Defendant Allen Oubre Webb's *pro se* motions for clarification of judicial order of sentence (docket entry #26) and for an order recommending extended placement in a Residential Re-entry Center ("RRC") (docket entry #27) and the United States' response in opposition (docket entry #29).  After careful consideration, and for the reasons that follow, the motions will be denied.

Allen Oubre Webb waived indictment and pleaded guilty to an information charging him with possession with intent to distribute cocaine (Count I); possession of a firearm during and in relation to a drug trafficking crime (Count II), and wire fraud (Count III).   The Court sentenced Webb to a total 73 months' imprisonment: 13 months on Count I and III--these sentences to run concurrent to each other--and 60 months on Count II, to run consecutive to the 13-month term for Counts I and III.

Webb asks the Court to enter a "clarification of judicial order of imposition of sentence" and an order recommending his commitment to twelve months in a RRC.  Regarding the first request, Webb states that he "believes that the Court sentenced him to concurrent terms of

imprisonment based upon the pending state charges." He states that he was prosecuted by federal authorities first, and it was discretionary with the Court to order that his federal and state sentences be served concurrently. Under 18 U.S.C. § 3584(a), "if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively." Section § 3584(a) does not authorize federal courts to order that a federal sentence run concurrently with a state sentence that has not yet been imposed, see *United States v. Neely*, 38 F.3d 458 (9th Cir. 1994), and the Court did not do so in this case.

Webb also seeks a "full re-entry program as per the Second Chance Act." Webb contends that he requires twelve months in a RRC in order to find employment and save money to cover expenses that he will incur upon his release. Webb reports that the BOP has determined that 150 to 180 days in an RRC is sufficient and has denied his request for a full twelve months.

Pursuant to 18 U.S.C. § 3624(c), the Director of the BOP shall "ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." Second Chance Act § 251, 122 Stat. at 692. A BOP program statement provides that RRC placement for a period longer than 180 days is highly unusual and such placement is only possible with extraordinary justification. The Eighth Circuit has upheld the BOP's "extraordinary justification" standard for deciding whether to grant a request for extended placement. *See Miller v. Whitehead*, 527 F.3d 752. 756 (8th Cir. 2008).

Here, Webb does not allege that the BOP has refused to consider his request for extended

placement in good faith, he does not claim that the BOP failed to consider the relevant statutory factors in denying his request, and he has failed to show extraordinary justification for extended RRC placement.

IT IS THEREFORE ORDERED that Defendant's *pro se* motions for clarification of judicial order of sentence (docket entry #26) and for an order recommending extended RCC placement (docket entry #27) are DENIED.

IT IS SO ORDERED THIS 26TH DAY OF AUGUST, 2008.

/s/Susan Webber Wright<br>
UNITED STATES DISTRICT JUDGE